The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID L. GARRISON, an individual, | ) |
| | ) No. |
| Plaintiffs, | ) |
| | ) NOTICE OF REMOVAL |
| v. | ) |
| | ) |
| MERCHANT & GOULD, P.C., a Minnesota | ) |
| professional corporation, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| _____ | ) |

TO:     The United States District Court for the Western District of Washington at Seattle:

Defendant Merchant & Gould, P.C., hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Cause No. 09-2-40608-1 SEA, to the United States District Court for the Western District of Washington at Seattle.  It removes the case pursuant to 28 U.S.C. §§ 1441 and 1446, on the grounds set forth below.

1.     This is a civil action between citizens of different states.  Plaintiff is a resident of Washington.  The Defendant Merchant & Gould, P.C. is a Minnesota professional corporation with its principal place of business in Minnesota.  *See* Declaration of Tracey Skjeveland ¶¶ 1-2, attached as Exhibit A.  Plaintiff seeks damages for lost wages, lost bonuses, exemplary damages, and "injuries to his practice."  Although Plaintiff's Complaint

NOTICE OF REMOVAL (CV_____) — 1

DWT 13610749v1 0055956-000004

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   does not set forth the dollar amount prayed for, Defendant has a good faith and reasonable

2   belief that Plaintiff is seeking damages in excess of the required jurisdictional amount,

3   $75,000, exclusive of interest and costs. Thus, this Court has original jurisdiction over this

4   action pursuant to 28 U.S.C. § 1332.

5        2.      The Complaint was filed with the Superior Court of the State of Washington

6   for King County on November 5, 2009, denominated Cause No. 09-2-40608-1 SEA. On

7   November 5, 2009, Plaintiff served this Complaint on Merchant & Gould, P.C. As of the date

8   of this filing, Plaintiff has not served Defendant with a summons, as required under Civil

9   Rule 4. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) as it is being

10  filed within 30 days of Defendant's notice of this Complaint and of actual service upon it.

11       3.      For the reasons set forth in Paragraph 1 and 2 above, this action may be

12  removed by Defendant to federal court pursuant to 28 U.S.C. § 1441(a), (b).

13       4.      The only named Defendant Merchant & Gould is represented by Davis Wright

14  Tremaine LLP and Leonard, Street and Deinard, and consents to removal. Therefore, this

15  action may be removed by Defendant to federal court pursuant to 28 U.S.C. § 1441. Removal

16  is proper to the Western District of Washington at Seattle because the district and division

17  embrace King County.

18       5.      A true and correct copy of the Complaint served upon Defendant Merchant &

19  Gould, P.C. is attached hereto as Exhibit B.

20       6.      A true and correct copy of the state court records and proceedings are attached

21  hereto as Exhibit C.

22       7.      Pursuant to 28 U.S.C. § 1446, Defendant Merchant & Gould, P.C. will

23  promptly give written notice of the filing of this Notice of Removal to Plaintiff.

24       8.      Pursuant to 28 U.S.C. § 1446, Defendant Merchant & Gould, P.C. will

25  promptly file a copy of this Notice of Removal with the Clerk of the King County Superior

26  Court.

27  /

NOTICE OF REMOVAL (CV_____) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

1   WHEREFORE, Defendant gives notice that the court action against it in King County

2   Superior Court has been removed from that court to the United States District Court for the

3   Western District of Washington at Seattle.

4   DATED this 3rd day of December, 2009.

5                                        Davis Wright Tremaine LLP
                                         Attorneys for Defendant
6

7                                        By /s/ Amy H. Pannoni
                                            Amy H. Pannoni, WSBA #31824
8                                           Davis Wright Tremaine LLP
                                            1201 Third Avenue, Suite 2200
9                                           Seattle, WA  98101-3045
                                            Phone:  (206) 622-3150
10                                          Fax:  (206) 757-7700
                                            Email:  amypannoni@dwt.com
11
                                            Richard W. Pins, Esq.
12                                          Jonathon Naples, Esq.
                                            Leonard, Street and Deinard
13                                          Professional Association
                                            150 S. Fifth Street, Suite 2300
14                                          Minneapolis, MN 55402
                                            Phone: (612) 335-7007
15                                          Fax: (612) 335-1657
                                            richard.pins@leonard.com
16                                          jonathon.naples@leonard.com

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL (CV_____) — 3

DWT 13610749v1 0055956-000004

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington  98101-3045
(206) 622-3150 · Fax: (206) 757-7700

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

DonMullins@badgleymullins.com

AllyssaHale@badgleymullins.com

DATED this 3rd day of December, 2009.

Davis Wright Tremaine LLP
Attorneys for Defendant

By /s/ Amy H. Pannoni
Amy H. Pannoni, WSBA #31824
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Phone: (206) 622-3150
Fax: (206) 757-7700
Email: amypannoni@dwt.com

NOTICE OF REMOVAL (CV_____) — 4

DWT 13610749v1 0055956-000004

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID L. GARRISON, an individual, | ) | |
| | ) | No. |
| Plaintiffs, | ) | |
| | ) | DECLARATION OF |
| v. | ) | TRACEY SKJEVELAND |
| | ) | |
| MERCHANT & GOULD, P.C., a Minnesota professional corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

TRACEY SKJEVELAND, being duly sworn, deposes and states:

1.     I am the Chief Financial Officer of Merchant & Gould, P.C.  I submit this Declaration in support of Defendant's Notice of Removal.

2.     Merchant & Gould, P.C. is a Minnesota professional corporation with its principal place of business in Minnesota.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.  FURTHER, DECLARANT SAITH NOT.

Tracey Skjeveland

# ATTACHMENT B

FILED

09 NOV 05 PM 2:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DAVID L. GARRISON, an individual, | Case No.: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| MERCHANT & GOULD, P.C., a Minnesota professional corporation, | |
| Defendant. | |

Plaintiff, David L. Garrison, by way of complaint against defendant Merchant & Gould alleges as follows:

## I.    PARTIES

1.    Plaintiff David L. Garrison is an individual residing in Seattle, Washington.

2.    Defendant Merchant & Gould, P.C. is a Minnesota professional corporation which has an office for the transaction of business in Seattle, Washington.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over Defendant under RCW 2.08.010.

COMPLAINT - 1

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

4.     Venue is proper under RCW 4.12.025.

## III.     BACKGROUND FACTS

5.     On June 22, 2007, Merchant & Gould offered Mr. Garrison an Of Counsel position at its Seattle office and the parties entered into an Employment Arrangement ("Arrangement").

6.     The Arrangement stated that "either party shall have the right to terminate this employment arrangement for any reason upon two weeks written notice."

7.     Moreover, the Arrangement described Mr. Garrison's compensation as follows:

[Y]ou shall be compensated based upon actual billed hours by you. . . . Actual billed hours means hours recorded by you and billed to Merchant & Gould's clients and actually invoiced to clients. . . . To determine your compensation, the total hours actually billed by you for Merchant & Gould will be multiplied by an hourly rate equivalent to 40% of the rate your hours were billed at. . . While employed by Merchant & Gould, you will receive a compensation draw, payable in bi-monthly installments, equal to 50 hours per pay period.  Merchant & Gould will adjust the draw at the end of each calendar quarter based on the actual hours billed during the previous quarter.  At the end of each calendar quarter, a reconciliation of hours billed vs. draws paid will take place and any difference will be adjusted for the first draw check of the subsequent quarter. . . . Should either party terminate this arrangement, you will be compensated for any hours billed to clients subsequent to your termination.

8.     The Agreement also stated: "You shall be entitled to a promotional allowance in the amount of $15,000 annually."

9.     When Merchant & Gould and Mr. Garrison were negotiating the Arrangement it was agreed and understood that Mr. Garrison would bring over all of his clients.

10.     Accordingly, Mr. Garrison brought his entire portfolio of approximately seventy five (75) clients to Merchant & Gould.

11.     From August 15, 2007 until April 15, 2008, Mr. Garrison's bi-monthly draw was $7,500.  In April of 2008 Mr. Garrison's bi-monthly draw was reduced by $2,250.  Mr. Garrison was paid under the latter arrangement until October of 2008.

COMPLAINT - 2

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

12.  Mr. Garrison made numerous purchases on his business credit card with the expectation that Merchant & Gould would reimburse him from his promotional allowance. Merchant & Gould failed to reimburse Mr. Garrison for all of the expenses he incurred.

13.  On October 30, 2008, Merchant & Gould terminated Mr. Garrison without any notice or warning.

14.  During the springtime of 2008, Mr. Garrison and Randy King discussed Mr. Garrison's compensation for new litigation matters which he brought in to Merchant & Gould. To that end, Randy King stated he would be rewarded for his efforts in the form of a yearend bonus.  On at least two other occasions, he reaffirmed this promise.

15.  With the understanding that he would be compensated for bringing in new clients, Mr. Garrison signed up numerous litigation matters during his tenure at Merchant & Gould. The new matters resulted in hundreds of thousands of dollars in client billings.

16.  Merchant & Gould never fulfilled its promise of a bonus.

17.  Merchant & Gould failed to pay Mr. Garrison pursuant to the terms of his contract.

## IV.    CAUSES OF ACTION

### Breach of Contract

18.  Mr. Garrison and Merchant & Gould entered into a valid contract.

19.  Mr. Garrison performed pursuant to the terms of the contract.

20.  Merchant & Gould failed without legal justification to fulfill its obligations under the contract when it (1) terminated Mr. Garrison's employment and did not provide him with two weeks notice prior to the termination (2) failed to pay Mr. Garrison under the terms of the contract, and (3) failed to reimburse Mr. Garrison for promotional expenses.

COMPLAINT - 3

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

21.  Mr. Garrison has suffered damages as a result of Defendant's breach of its contractual obligations in an amount to be proven at trial.

**Failure to Pay All Final Wages as Required Under RCW 49.48.010**

22.  RCW 49.48.010 requires an employer to pay all wages owed to a terminated employee at the end of the established pay period.

23.  Following Mr. Garrison's termination on October 30, 2008, Merchant & Gould failed to pay Plaintiff all wages owed by the end of the established pay period.

24.  By failing to timely pay Plaintiff all final wages owed to Plaintiff, Merchant & Gould violated RCW 49.48.010.

25.  As a direct and proximate result of Merchant & Gould's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in an amount to be proven at trial.

**Exemplary Damages Under RCW 49.52.050**

26.  By acting willfully and with intent to deprive Mr. Garrison of his wages, including wages owed under the terms of Plaintiff's contract and under RCW 49.48.010, Defendant has violated RCW 49.52.050.

27.  As a direct and proximate result of Merchant & Gould's unlawful conduct, Mr. Garrison is entitled to recover exemplary (double) damages, costs of suit and reasonable attorney's fees pursuant to RCW 49.52.070.

**Breach of Oral Contract**

28.  Merchant & Gould promised orally to Mr. Garrison that it would pay him a yearend bonus based on its existing practice of giving bonuses to lawyers who brought in new legal matters to the firm.

29.  The bonus constituted a binding and enforceable contract between the parties.

COMPLAINT - 4

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

30.  Mr. Garrison signed up about nine litigation matters during his tenure at Merchant & Gould.  The nine matters resulted in hundreds of thousands of dollars in billings to clients, thus meeting the conditions to earn a bonus.

31.  Merchant & Gould breached this contract by wrongfully refusing to pay Plaintiff the amount owing and due under the agreement for a yearend bonus.

### Consumer Protection Act 19.86.020

32.  Merchant & Gould is in the practice of soliciting and/or hiring lawyers in the Seattle area who have client portfolios and strong relationships within the legal community.

33.  Defendant hired Mr. Garrison who in turn brought his portfolio to the practice.

34.  Without notice or warning, Defendant terminated its relationship with Mr. Garrison after his clients had been transferred to Merchant & Gould.

35.  Immediately upon termination, Plaintiff was refused access to the subject files and client contact information.

36.  Further, on information and belief, Merchant & Gould, prior to termination or immediately thereupon, commenced efforts, both orally and in writing, to contact said clients in order to obtain their consent to remain at Merchant & Gould.

37.  The sudden termination provided Merchant & Gould with a significant advantage in contacting these clients.

38.  Merchant & Gould caused Mr. Garrison to believe they were working towards a mutually beneficial goal, while a primary motive was to acquire Mr. Garrison's client base to enhance its own practice.

COMPLAINT - 5

BADGLEY ~ MULLINS
Law Group PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

39.   On information and belief Merchant & Gould continues to solicit within the legal community, its deceptive and unfair practices pose a substantial threat to the public at large and specifically to members in the Washington legal communities.

40.   Defendant's practice and operation depends on the aforementioned solicitation to acquire new matters and expand its client base; thus, its wrongful acts, as alleged herein, are likely to be repeated.

41.   Through its deceptive acts and unfair practices, Merchant & Gold is in violation of the Washington State Consumer Protection Act, RCW 19.86.020.

42.   As a direct and proximate cause of Merchant and Gould's actions, Mr. Garrison has suffered injuries to his practice and other damages to be proven at trial.

V.      **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A.    For actual damages in an amount to be proven at trial;

B.    For exemplary damages to the extent provided by RCW 19.86.020, RCW 49.52.070, and any other applicable law;

C.    For injunctive relief to the extent provided by any applicable law;

D.    For an award of attorneys fees, costs and investigative fees as provided by RCW 19.86.020, RCW 49.48.030, RCW 49.52.070 and any other applicable law; and

E.    For such other and further relief as the court deems proper.

//

//

//

//

COMPLAINT - 6

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1

DATED this 5th day of November, 2009.

2

BADGLEY~MULLINS LAW GROUP PLLC

3

4

Donald H. Mullins, WSBA #4966

5

Allyssa J. Hale, WSBA #38429
Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 7

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

\

# EXHIBIT C

FILED

09 NOV 05 PM 2:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 8  DAVID L. GARRISON, an individual, | ) Case No.: |
| 9 | ) |
| | ) |
| 10                              Plaintiff, | ) COMPLAINT FOR DAMAGES |
| | ) |
| 11        v. | ) |
| | ) |
| 12  MERCHANT & GOULD, P.C., a Minnesota | ) |
| professional corporation, | ) |
| 13 | ) |
| | ) |
| 14                              Defendant. | ) |
| 15 | ) |
| | ) |
| 16 | ) |

17        Plaintiff, David L. Garrison, by way of complaint against defendant Merchant & Gould

18  alleges as follows:

19

20                                    I.        **PARTIES**

21        1.    Plaintiff David L. Garrison is an individual residing in Seattle, Washington.

22        2.    Defendant Merchant & Gould, P.C. is a Minnesota professional corporation which

23  has an office for the transaction of business in Seattle, Washington.

24                            II.        **JURISDICTION AND VENUE**

25        3.    This Court has subject matter jurisdiction over Defendant under RCW 2.08.010.

26

COMPLAINT - 1

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

4.   Venue is proper under RCW 4.12.025.

### III.   BACKGROUND FACTS

5.   On June 22, 2007, Merchant & Gould offered Mr. Garrison an Of Counsel position at its Seattle office and the parties entered into an Employment Arrangement ("Arrangement").

6.   The Arrangement stated that "either party shall have the right to terminate this employment arrangement for any reason upon two weeks written notice."

7.   Moreover, the Arrangement described Mr. Garrison's compensation as follows:

[Y]ou shall be compensated based upon actual billed hours by you. . . . Actual billed hours means hours recorded by you and billed to Merchant & Gould's clients and actually invoiced to clients. . . . To determine your compensation, the total hours actually billed by you for Merchant & Gould will be multiplied by an hourly rate equivalent to 40% of the rate your hours were billed at. . . While employed by Merchant & Gould, you will receive a compensation draw, payable in bi-monthly installments, equal to 50 hours per pay period.  Merchant & Gould will adjust the draw at the end of each calendar quarter based on the actual hours billed during the previous quarter.  At the end of each calendar quarter, a reconciliation of hours billed vs. draws paid will take place and any difference will be adjusted for the first draw check of the subsequent quarter. . . . Should either party terminate this arrangement, you will be compensated for any hours billed to clients subsequent to your termination.

8.   The Agreement also stated: "You shall be entitled to a promotional allowance in the amount of $15,000 annually."

9.   When Merchant & Gould and Mr. Garrison were negotiating the Arrangement it was agreed and understood that Mr. Garrison would bring over all of his clients.

10.   Accordingly, Mr. Garrison brought his entire portfolio of approximately seventy five (75) clients to Merchant & Gould.

11.   From August 15, 2007 until April 15, 2008, Mr. Garrison's bi-monthly draw was $7,500.  In April of 2008 Mr. Garrison's bi-monthly draw was reduced by $2,250.  Mr. Garrison was paid under the latter arrangement until October of 2008.

COMPLAINT - 2

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

12. Mr. Garrison made numerous purchases on his business credit card with the expectation that Merchant & Gould would reimburse him from his promotional allowance. Merchant & Gould failed to reimburse Mr. Garrison for all of the expenses he incurred.

13. On October 30, 2008, Merchant & Gould terminated Mr. Garrison without any notice or warning.

14. During the springtime of 2008, Mr. Garrison and Randy King discussed Mr. Garrison's compensation for new litigation matters which he brought in to Merchant & Gould. To that end, Randy King stated he would be rewarded for his efforts in the form of a yearend bonus. On at least two other occasions, he reaffirmed this promise.

15. With the understanding that he would be compensated for bringing in new clients, Mr. Garrison signed up numerous litigation matters during his tenure at Merchant & Gould. The new matters resulted in hundreds of thousands of dollars in client billings.

16. Merchant & Gould never fulfilled its promise of a bonus.

17. Merchant & Gould failed to pay Mr. Garrison pursuant to the terms of his contract.

## IV.   CAUSES OF ACTION

### Breach of Contract

18. Mr. Garrison and Merchant & Gould entered into a valid contract.

19. Mr. Garrison performed pursuant to the terms of the contract.

20. Merchant & Gould failed without legal justification to fulfill its obligations under the contract when it (1) terminated Mr. Garrison's employment and did not provide him with two weeks notice prior to the termination (2) failed to pay Mr. Garrison under the terms of the contract, and (3) failed to reimburse Mr. Garrison for promotional expenses.

COMPLAINT - 3

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

21.  Mr. Garrison has suffered damages as a result of Defendant's breach of its contractual obligations in an amount to be proven at trial.

### Failure to Pay All Final Wages as Required Under RCW 49.48.010

22.  RCW 49.48.010 requires an employer to pay all wages owed to a terminated employee at the end of the established pay period.

23.  Following Mr. Garrison's termination on October 30, 2008, Merchant & Gould failed to pay Plaintiff all wages owed by the end of the established pay period.

24.  By failing to timely pay Plaintiff all final wages owed to Plaintiff, Merchant & Gould violated RCW 49.48.010.

25.  As a direct and proximate result of Merchant & Gould's unlawful conduct, Plaintiff has suffered and continues to suffer economic damages in an amount to be proven at trial.

### Exemplary Damages Under RCW 49.52.050

26.  By acting willfully and with intent to deprive Mr. Garrison of his wages, including wages owed under the terms of Plaintiff's contract and under RCW 49.48.010, Defendant has violated RCW 49.52.050.

27.  As a direct and proximate result of Merchant & Gould's unlawful conduct, Mr. Garrison is entitled to recover exemplary (double) damages, costs of suit and reasonable attorney's fees pursuant to RCW 49.52.070.

### Breach of Oral Contract

28.  Merchant & Gould promised orally to Mr. Garrison that it would pay him a yearend bonus based on its existing practice of giving bonuses to lawyers who brought in new legal matters to the firm.

29.  The bonus constituted a binding and enforceable contract between the parties.

COMPLAINT - 4

BADGLEY ~ MULLINS
Law Group PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

30.  Mr. Garrison signed up about nine litigation matters during his tenure at Merchant & Gould.  The nine matters resulted in hundreds of thousands of dollars in billings to clients, thus meeting the conditions to earn a bonus.

31.  Merchant & Gould breached this contract by wrongfully refusing to pay Plaintiff the amount owing and due under the agreement for a yearend bonus.

## **Consumer Protection Act 19.86.020**

32.  Merchant & Gould is in the practice of soliciting and/or hiring lawyers in the Seattle area who have client portfolios and strong relationships within the legal community.

33.  Defendant hired Mr. Garrison who in turn brought his portfolio to the practice.

34.  Without notice or warning, Defendant terminated its relationship with Mr. Garrison after his clients had been transferred to Merchant & Gould.

35.  Immediately upon termination, Plaintiff was refused access to the subject files and client contact information.

36.  Further, on information and belief, Merchant & Gould, prior to termination or immediately thereupon, commenced efforts, both orally and in writing, to contact said clients in order to obtain their consent to remain at Merchant & Gould.

37.  The sudden termination provided Merchant & Gould with a significant advantage in contacting these clients.

38.  Merchant & Gould caused Mr. Garrison to believe they were working towards a mutually beneficial goal, while a primary motive was to acquire Mr. Garrison's client base to enhance its own practice.

COMPLAINT - 5

**BADGLEY ~ MULLINS**
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

39.  On information and belief Merchant & Gould continues to solicit within the legal community, its deceptive and unfair practices pose a substantial threat to the public at large and specifically to members in the Washington legal communities.

40.  Defendant's practice and operation depends on the aforementioned solicitation to acquire new matters and expand its client base; thus, its wrongful acts, as alleged herein, are likely to be repeated.

41.  Through its deceptive acts and unfair practices, Merchant & Gold is in violation of the Washington State Consumer Protection Act, RCW 19.86.020.

42.  As a direct and proximate cause of Merchant and Gould's actions, Mr. Garrison has suffered injuries to his practice and other damages to be proven at trial.

## V.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A.    For actual damages in an amount to be proven at trial;

B.    For exemplary damages to the extent provided by RCW 19.86.020, RCW 49.52.070, and any other applicable law;

C.    For injunctive relief to the extent provided by any applicable law;

D.    For an award of attorneys fees, costs and investigative fees as provided by RCW 19.86.020, RCW 49.48.030, RCW 49.52.070 and any other applicable law; and

E.    For such other and further relief as the court deems proper.

//

//

//

//

COMPLAINT - 6

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1

DATED this 5th day of November, 2009.

2

BADGLEY~MULLINS LAW GROUP PLLC

3

*Allyssa J. Hale*

4

Donald H. Mullins, WSBA #4966

5

Allyssa J. Hale, WSBA #38429

Attorneys for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 7

**BADGLEY ~ MULLINS**

LAW GROUP PLLC

Columbia Center

701 Fifth Avenue, Suite 4750

Seattle, Washington 98104

Telephone: (206) 621-6566

Fax: (206) 621-9686

FILED

09 NOV 05 PM 2:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| David L. Garrison, an individual | NO.  09-2-40608-1    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| Merchant & Gould, P.C., a Minnesota professional corporation | ASSIGNED JUDGE  Gonzalez            5 |
| | FILE DATE:                        11/05/2009 |
| Defendant(s) | **TRIAL DATE:                05/02/2011** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____          _____
            Print Name                                    Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 12/08    1

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule.  The court will review the confirmation of joinder document to determine if a
hearing is required.  If a Show Cause order is issued, all parties cited in the order must appear before
their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a
final decree, judgment and order of dismissal of all parties and claims is not filed by 45 days after a *Notice
of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed.  If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  11/05/2009 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$220 arbitration fee must be paid** | Thu  04/15/2010 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [*See KCLCR 4.2(a) and Notices on Page 2*]. | Thu  04/15/2010 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See *KCLCR 82(e)*] | Thu  04/29/2010 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See *KCLCR 26(b)*]. | Mon  11/29/2010 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See *KCLCR 26(b)*]. | Mon  01/10/2011 | |
| **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | Mon  01/24/2011 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See *KCLCR 40(d)(2)*] | Mon  01/24/2011 | * |
| **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | Mon  03/14/2011 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | Mon  04/04/2011 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See *KCLCR 4(j)*]. | Mon  04/11/2011 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See *KCLCR 16(a)(2)*] | Mon  04/11/2011 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | Mon  04/18/2011 | |
| Joint Statement of Evidence [*See KCLCR (4)(k)*]. | Mon  04/25/2011 | * |
| **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file Proposed Findings of Fact and Conclusions of Law with the Clerk) | Mon  04/25/2011 | * |
| Trial Date [*See KCLCR 40*]. | Mon  05/02/2011 | |

### III. ORDER

Pursuant to King County Local Civil Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Civil Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

**DATED:**   11/05/2009

                                                    **PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER BEFORE CONTACTING YOUR ASSIGNED JUDGE**
This case is assigned to the Superior Court Judge whose name appears in the caption of this case schedule. The assigned Superior Court Judge will preside over and manage this case for all pretrial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**APPLICABLE RULES:** Except as specifically modified below, all the provisions of King County Local Civil Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx .

**CASE SCHEDULE AND REQUIREMENTS**
Deadlines are set by the case schedule, issued pursuant to Local Civil Rule 4.

**THE PARTIES ARE RESPONSIBLE FOR KNOWING AND COMPLYING WITH ALL DEADLINES IMPOSED BY THE COURT'S LOCAL CIVIL RULES.**

**A. Joint Confirmation regarding Trial Readiness Report:**
No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment, etc.).

The form is available at http://www.kingcounty.gov/courts/superiorcourt.aspx . If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff's/petitioner's counsel is responsible for contacting the other parties regarding said report.

**B. Settlement/Mediation/ADR**
a. Forty five (45) days before the trial date, counsel for plaintiff/petitioner shall submit a written settlement demand. Ten (10) days after receiving plaintiff's/petitioner's written demand, counsel for defendant/respondent shall respond (with a counter offer, if appropriate).

b. Twenty eight (28) days before the trial date, a Settlement/Mediation/ADR conference shall have been held. FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.

**C. Trial:** Trial is scheduled for 9:00 a.m. on the date on the case schedule or as soon thereafter as convened by the court. The Friday before trial, the parties should access the King County Superior Court website http://www.kingcounty.gov/courts/superiorcourt.aspx to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES

**A. Noting of Motions**

**Dispositive Motions:** All summary judgment or other dispositive motions will be heard with oral argument before the assigned judge. The moving party must arrange with the hearing judge a date and time for the hearing, consistent with the court rules. Local Civil Rule 7 and Local Civil Rule 56 govern procedures for summary judgment or other motions that dispose of the case in whole or in part. The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Nondispositive Motions:**  These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered.  All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements.  Rather than noting a time of day, the Note for Motion should state "Without Oral Argument."  Local Civil Rule 7 governs these motions, which include discovery motions.  The local civil rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Motions in Family Law Cases not involving children:** Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge.  All other motions should be noted and heard on the Family Law Motions calendar.  Local Civil Rule 7 and King County Family Law Local Rules govern these procedures.  The local rules can be found at http://www.kingcounty.gov/courts/superiorcourt/civil.aspx.

**Emergency Motions:**    Under the court's local civil rules, emergency motions will be allowed only upon entry of an Order Shortening Time.  However, emergency discovery disputes may be addressed by telephone call and without written motion, if the judge approves.


## B. Original Documents/Working Copies/ Filing of Documents


**All original documents must be filed with the Clerk's Office.**  Please see information on the Clerk's Office website at www.kingcounty.gov/courts/clerk regarding the new requirement outlined in LGR 30 that attorneys must e-file documents in King County Superior Court.  The exceptions to the e-filing requirement are also available on the Clerk's Office website.


The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.  The assigned judge's working copies must be delivered to his/her courtroom or the Judges' mailroom.  Working copies of motions to be heard on the Family Law Motions Calendar should be filed with the Family Law Motions Coordinator.  On June 1, 2009 you will be able to submit working copies through the Clerk's office E-Filing application at www.kingcounty.gov/courts/clerk.


**Service of documents.** E-filed documents may be electronically served on parties who opt in to E-Service within the E-Filing application.  The filer must still serve any others who are entitled to service but who have not opted in.  E-Service generates a record of service document that can be e-filed.  Please see information on the Clerk's office website at www.kingcounty.gov/courts/clerk regarding E-Service.

**Original Proposed Order:** Each of the parties must include an original proposed order granting requested relief with the working copy materials submitted on any motion.  Do not file the original of the proposed order with the Clerk of the Court.   Should any party desire a copy of the order as signed and filed by the judge, a pre-addressed, stamped envelope shall accompany the proposed order.

**Presentation of Orders:** All orders, agreed or otherwise, must be presented to the assigned judge.  If that judge is absent, contact the assigned court for further instructions.  If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

**Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department.**  Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department.  **If final order and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.**

**C.   Form**

Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing.  Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

***IT IS SO ORDERED.  FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS.  PLAINTIFF/PEITITONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.***

_____

**PRESIDING JUDGE**

King County
Department of Judicial Administration
Superior Court Clerk's Office

## **IMPORTANT NOTICE**

**KING COUNTY SUPERIOR COURT HEARING LOCATIONS WILL CHANGE**

**IF THE MALENG REGIONAL JUSTICE CENTER IN KENT IS EVACUATED**

Potential serious flooding of the Green River Valley is a possibility this year based on issues with the Howard Hanson Dam.  The US Army Corps of Engineers is making the necessary repairs to the dam; however until the work is completed, the Maleng Regional Justice Center in Kent will be on an evacuation alert status.

The Clerk's Office and Superior Court remains committed to providing good customer service throughout the flood evacuation period.  If it becomes necessary to evacuate the Maleng Regional Justice Center and relocate the courtrooms, location changes to scheduled court proceedings at the King County Courthouse in Seattle may also occur.

**If you have a court proceeding scheduled either at the King County Courthouse in Seattle or at the Maleng Regional Justice Center in Kent, please call (206) 296-9300 to find out if there is a change to the location of your court proceeding.  Call within 2 days of your scheduled court date for the latest information.**

Updated information will also be posted here:

King County Superior Court's website:  http://www.kingcounty.gov/courts/superiorcourt

King County Clerk's Office website: http://www.kingcounty.gov/courts/Clerk

We thank you for your patience during this time.

**FILED**

09 NOV 05 PM 2:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF KING

| | |
|---|---|
| David L. Garrison, an individual | NO. 09-2-40608-1 SEA |
| VS | |
| Merchant & Gould, P.C., a Minnesota pr | CASE INFORMATION COVER SHEET AND AREA DESIGNATION |

### CAUSE OF ACTION

**(COM) -**    CONTRACT/COMMERCIAL

### AREA DESIGNATION

**SEATTLE -**   Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED

09 NOV 05 PM 2:44

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

1
2
3
4
5
6
7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

8
9

DAVID L. GARRISON, an individual,                    )
                                                     )
                                                     )
10                                                   )      Case No.:
                        Plaintiff,                   )
                                                     )      SUMMONS
11                                                   )
                v.                                   )
                                                     )
12      MERCHANT & GOULD, P.C., a Minnesota          )
        professional corporation,                    )
13                                                   )
                        Defendant.                   )
14                                                   )
                                                     )
15                                                   )
        _____       )

16      TO:    MERCHANT & GOULD, P.C.

17             A lawsuit has been started against you in the above entitled court by David L. Garrison,

18      plaintiff.  Plaintiff's claim is stated in the written complaint, a copy of which is served upon you

19      with this summons.

20             In order to defend against this lawsuit, you must respond to the complaint by stating your

21      defense in writing, and by serving a copy upon the person signing this summons within 20 days

22      after the service of this summons, excluding the day of service, or a default judgment may be

23      entered against you without notice.  A default judgment is one where plaintiff is entitled to what

24

25

26

SUMMONS - 1

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1   he asks for because you have not responded.  If you serve a notice of appearance on the

2   undersigned person, you are entitled to notice before a default judgment may be entered.

3          You may demand that the plaintiff file this lawsuit with the court.  If you do so, the

4   demand must be in writing and must be served upon the person signing this summons.  Within

5   14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the

6   service on you of this summons and complaint will be void.

7          If you wish to seek the advice of an attorney in this matter, you should do so promptly so

8   that your written response, if any, may be served on time.

9
10         This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

11  of Washington.

12

13         DATED this 5th day of November, 2009.

14                           BADGLEY~MULLINS LAW GROUP PLLC

15

16

17                           Donald H. Mullins, WSBA #4966
                             Allyssa J. Hale, WSBA #38429
18                           Attorneys for Plaintiff David L. Garrison

19

20

21

22

23

24

25

26

SUMMONS - 2

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

FILED

09 NOV 09 PM 3:29

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

DAVID L. GARRISON, an individual,       )
                                        )
                                        )
                                        )    Case No.: 09-2-40608-1 SEA
                     Plaintiff,         )
                                        )    DECLARATION OF SERVICE OF
          v.                            )    SUMMONS AND COMPLAINT
                                        )
MERCHANT & GOULD, P.C., a Minnesota     )
professional corporation, and          )
                                        )
                                        )
                     Defendant.         )
                                        )
                                        )
                                        )

I, Ben Stephens, file clerk for Badgley Mullins Law Group PLLC hereby declare that

now and at all times herein mentioned, I am a citizen of the United States and a resident of the

State of Washington, over the age of 18, not a party in the above entitled action, and is

competent to be a witness therein.

On November 5, 20098 at 2:58p.m. at the address of 701 Fifth Avenue, Suite 4100,

Seattle, WA 98104, within the County of King, State of Washington, I duly served the Case

Information Cover Sheet and Area Designation, Order Setting Civil Case Schedule, Summons,

and Complaint upon Merchant & Gould, P.C. by then and there personally delivering the original

documents by presenting to and leaving the same with Kayla Butcher, office manager.

DECLARATION OF SERVICE OF SUMMONS AND
COMPLAINT - 1

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1    I hereby declare under penalty of perjury under the laws of the State of Washington that

2    the foregoing is true and correct.

3

4    DATED this 5th day of November, 2009 in Seattle, Washington.

5

6

7                                                    _____

8                                                    Ben Stephens, File Clerk

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DECLARATION OF SERVICE OF SUMMONS AND
COMPLAINT - 2

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

FILED

09 NOV 24 AM 10:07

The Honorable Steven Gonzalez
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 09-2-40608-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

DAVID L. GARRISON, an individual,          )
                                            )
                        Plaintiff,          )      No. 09-2-40608-1 SEA
                                            )
            v.                              )      **NOTICE OF APPEARANCE**
                                            )
MERCHANT & GOULD, P.C., a Minnesota         )
professional corporation,                   )
                                            )
                        Defendant.          )
                                            )
_____   )

TO:          DAVID L. GARRISON, Plaintiff

AND TO:      DONALD H. MULLINS, of BADGLEY ~ MULLINS, Attorneys for Plaintiff

        PLEASE TAKE NOTICE THAT Merchant & Gould, P.C., the defendant above-named,

without waiving any defenses it may have based on insufficiency of process or insufficiency of

service of process, and specifically and expressly reserving its right to raise these defenses by

motion or answer, hereby make and enter its appearance in the above-entitled action by its

undersigned attorneys and requests that all future papers or pleadings except original process be

served upon its said attorneys at their address stated below.

/

/

/

/

/

**NOTICE OF APPEARANCE - 1**
SEA 13608106v1 55956-4

1    DATED this 24th day of November, 2009.

2                                    Davis Wright Tremaine LLP
                                     Attorneys for Defendant
3

4                            By _____

5                                    Amy H. Pannoni, WSBA #31824
                                     Davis Wright Tremaine LLP
6                                    1201 Third Avenue, Suite 2200
                                     Seattle, WA  98101-3045
7                                    Phone:  (206) 622-3150
                                     Fax:  (206) 757-7700
8                                    Email:  amypannoni@dwt.com

9                                    Richard W. Pins, Esq.
                                     Leonard, Street and Deinard
10                                   Professional Association
                                     150 S. Fifth Street, Suite 2300
11                                   Minneapolis, MN 55402
                                     Phone: (612) 335-7007
12                                   Fax: (612) 335-1657
                                     richard.pins@leonard.com
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**NOTICE OF APPEARANCE - 2**

SEA 13608106v1 55956-4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2009, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

following:

Donald H. Mullins, Esq. DonMullins@badgleymullins.com
Allyssa J. Hale, Esq. AllyssaHale@badgleymullins.com

Davis Wright Tremaine LLP
Attorneys for Defendant

By _____
     Amy H. Pannoni, WSBA #31824
     Davis Wright Tremaine LLP
     1201 Third Avenue, Suite 2200
     Seattle, WA  98101-3045
     Phone:  (206) 622-3150
     Fax: (206) 757-7700
     Email:  amypannoni@dwt.com

**NOTICE OF APPEARANCE - 3**
SEA 13608106v1 55956-4

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700