If you have any questions regarding the above contact Tracey Skjeveland (612) 371-5211, or Matt Daigle, (612) 336-4790.

By signing this policy, I hereby acknowledge I have received a copy and agree to abide by Merchant & Gould's professional allowance policy.

*David L Garrison*      Aug 1, 2007
Signature      Date

DAVID L GARRISON
Name



## Professional Allowance Policy
## Equity and Income Principals
## Effective January 1, 2008

Merchant & Gould provides each attorney with an annual allowance for use in developing, supporting and promoting client, professional and business development. Generally, an attorney will be permitted latitude in expending such funds, provided that the expenditure is deductible to the firm as a business expense under IRS regulations. The IRS guidelines require an expense to be **ordinary and necessary** to the particular business or industry.

Allowable Expenses: (certain restrictions apply)

- Memberships in law related organizations
- Expenses to prepare presentations to clients or legal groups
- Travel, promotion, entertainment, lodging and meals
- Current client relationship development
- New client development
- CLE
- Teaching or speaking engagements
- Staff or attorney development
- Technology & Services within specified limits
- Briefcases, portfolios and office supplies
- Charitable Contributions

Approved Annual Amounts:

| Senior Vice President | $16,000 |
|---|---|
| Vice President | $14,000 |
| Assistant Vice President | $10,000 |
| Associate Vice President (Income) | $ 8,000 |
| Of Counsel | $ 6,000 |

Attorneys who start or are promoted mid-year will receive a prorated amount. Any unused allowance which remains at year-end may be carried over to the next year subject to the following conditions:

- The carry over amount shall not exceed 50% of the total professional allowance from the prior year.

- The amount of the total new year's allowance (carry-over plus new allocation) shall not exceed 2 times that new year's allowance amount.

DEF 00226

CONFIDENTIAL

The following guidelines should be observed to ensure your expenses qualify under this policy. There may be exceptions to the guidelines where individual usage for ordinary and necessary business expenses exceed the guidelines listed below (for example cell phone reimbursement). If you seek a greater amount please complete the attached form titled "Professional Allowance Business Expense Certification" for approval by the CFO. It is the individual's responsibility to keep records and to report any taxable event as may be required.

Business Purpose: All expenditures must be made primarily for current or new client relationships or business development, attorney/staff professional development, or improving or enhancing job performance.

Documentation: Original invoices, receipts, charge card slips, etc. must be submitted for all expenses in excess of $75 and should be submitted for all expenses where possible. The business purpose, attendee names, relationship to M&G, amount, time and place must be included.

Club Dues & Memberships (Partners Only): The IRS does not consider health, social, golf, airline and other similar club dues a deductible business expense. However the firm will allow reimbursement from a partner's professional allowance for the portion of these expenditures pertaining to business activities. A "Professional Allowance Business Expense Certification" will be required to obtain reimbursement from the professional accounts. It is the responsibility of each partner to keep the records necessary to document the business use and to pay the non-business portion from personal funds.

All club dues and membership fees paid by the firm will be included on the employee's W-2 at year end.

Any meals or other legitimate expenses incurred at the club may qualify as a business expense.

Continuing Education: The firm, recognizing the value of continuing legal education, as well as the requirements of certain states, encourages attorneys to take advantage of the opportunity to improve their legal knowledge and skills.

The following guidelines have been adopted with respect to the administration of this program:

a) The allowance may be used to cover expenses which maintain or improve the attorney's knowledge or skills.

      b)     Eligible expenses include registration fees, study materials, travel and lodging related to educational course work. The attorney is responsible for making the necessary travel arrangements. Allowable expenses will be paid for the attorney only.

      c)     Attendance at state bar review and patent bar review courses in preparation for the examinations will be paid separately by the firm, and will not be charged against this allowance.

**Travel, Entertainment, Lodging and Meals:**   Travel, promotion, entertainment, lodging and meal expenses may be charged against the professional allowance where the activity is primarily for current or new client relationships, or business development, or attorney/staff professional development. This would include quarterly lunches with staff personnel that directly support attorneys.

Merchant & Gould will not typically reimburse travel and entertainment expenses incurred by a spouse, other family member or individual accompanying an employee on business. For reimbursement to occur, the spousal travel must be necessary to the business purpose and be pre-approved by the CFO. Spousal travel which is paid for by the firm will be included on the employee's W-2 at year end.

Political activities are not allowed as an expense.

**Technology & Services:**   All property purchased with professional allowance funds is the property of the firm, and is to be used 100% for business purpose. Approved technology purchases cannot exceed 30% of the total value of the current professional allocation for the year. These monies are intended to be for purchases of PDAs, cell phones, pagers (and associated monthly bills), PCs, computer software, books and manuals. These items are also subject to special IRS rules. The value of any personal use of these items is considered additional income and must be reported to the firm to be included on the employee's W-2.

The firm will allow for one PC, one cell phone and one PDA to be purchased with promotional funds every 12 months. No other home office equipment or furniture expenses will be allowed.

The firm will reimburse 50% of the cost of one cell phone service, up to $50/month. If a "Professional Allowance Business Expense

Certification" is completed, the firm will reimburse the actual expense.

The firm will reimburse 100% of the cost of one PDA service, up to $50/month, provided the device is connected to the M&G email server.

The firm will not reimburse for home internet service unless a "Professional Allowance Business Expense Certification" is completed. In the event the certification is completed, the firm will reimburse up to $50/month.

Only new equipment may be purchased.

As soon as it is known that an attorney will be leaving the firm, the equipment <u>must</u> be purchased from the firm by the departing attorney at its book value as listed in the Elite Accounting System. If the separation happens within 120 days of the purchase of the equipment/software, the attorney must reimburse the firm for the full purchase price including taxes. Under no circumstances is the firm obligated to buy or take back any equipment or software under this policy.

By purchasing equipment with professional allowance funds, the attorney agrees to the terms of this policy including the deduction of amounts owed from his or her paycheck as necessary.

<u>Administration:</u>   This Policy will be administered by the firm's Accounting Department.

CONFIDENTIAL                                           DEF 00229

If you have any questions regarding the above contact Tracey Skjeveland (612) 371-5211, or Matt Daigle, (612) 336-4790.

By signing this policy, I hereby acknowledge I have received a copy and agree to abide by Merchant & Gould's professional account policy.

_____    _____
Signature                                                                                    Date

_____
Name

CONFIDENTIAL                                        DEF 00230

# Professional Allowance Business Expense Certification

I certify that the following professional allowance expenditure is an ordinary and necessary business expense incurred in exercising my duties as an attorney with Merchant & Gould.

Item to be expensed:

Amount:

Business purpose of expenditure:

Percent of Business Use (versus personal use):

One Time or Recurring:

Print Name:

Signature:

Date:

Approval Signature (by CFO):

CONFIDENTIAL                                           DEF 00231

**Equity and Income Partners**
**Professional Allowance Policy**
**January 1, 2007**

Merchant & Gould provides each attorney with an annual allowance for use in developing, supporting and promoting client, professional and business development. Generally, an attorney will be permitted latitude in expending such funds, provided that the expenditure is deductible to the firm as a business expense under IRS regulations. The IRS guidelines require an expense be **ordinary and necessary** to the particular business or industry.

Attorneys who start or are promoted mid-year will receive a prorated amount. Any unused allowance which remains at year-end may be carried over to the next year subject to the following conditions:

- The carry over amount shall not exceed 50% of the total professional allowance from the prior year.

- The amount of the total new year's allowance (carry-over plus new allocation) shall not exceed 2 times that new year's allowance amount.

Allowable Expenses: (certain restrictions apply)

- Membership in law related organizations
- Expenses to prepare presentations to clients or legal groups
- Travel, promotion, entertainment, lodging and meals
- Current client relationship development
- New client development
- CLE
- Teaching or speaking engagements
- Staff or attorney development
- Technology & Tools within specified limits including cell phones, Blackberry devices, pagers, and associated monthly fees
- Club dues that further client development including golf, health, social, and airline.

Approved Annual Amounts:

| | |
|---|---|
| Senior Officer | $16,000 |
| Vice President | $14,000 |
| Assistant Vice President | $10,000 |
| Associate Vice President (Income) | $ 8,000 |

Professional Allowance Policy - Partner
January 1, 2007
Page 1 of 4

CONFIDENTIAL

DEF 00222

The following guidelines should be observed in order to ensure your expenses qualify under this policy. It is the individual's responsibility to keep records and to report any taxable event as may be required.

| | |
|---|---|
| Business Purpose: | All expenditures must be made primarily for current or new client relationships or business development, attorney/staff professional development, or improving or enhancing job performance. |
| Documentation: | Original invoices, receipts, charge card slips, etc. must be submitted for all expenses in excess of $75 and should be submitted for all expenses where possible. The business purpose, attendee names, relationship to M&G, amount, time and place must be included. |
| Club Dues & Memberships: | The IRS does not consider club dues a deductible business expense. However, the professional allowance may be used for such dues provided that the club use is primarily for business purposes. To qualify for reimbursement for food or other services rendered in connection with the membership, the service must have a business purpose. It is the responsibility of each partner to keep the records necessary to document the business use and to pay the non-business portion from personal funds. |
| Continuing Education | The firm, recognizing the value of continuing legal education, as well as the requirements of certain states, encourages attorneys to take advantage of the opportunity to improve their legal knowledge and skills. |

The following guidelines have been adopted with respect to the administration of this program:

a)   The allowance may be used to cover expenses which maintain or improve the attorney's knowledge or skills.

b)   Eligible expenses include registration fees, study materials, travel and lodging related to educational course work. The attorney is responsible for making the necessary travel arrangements. Allowable expenses will be paid for the attorney only.

c)   Attendance at state bar review and patent bar review courses in preparation for the examinations will be paid separately by the firm, and will not be charged against this allowance.

<u>Travel,
Entertainment,
Lodging and Meals</u>:   Travel, promotion, entertainment, lodging and meal expenses may be charged against the professional allowance where the activity is primarily for current or new client relationships, or business development, or attorney/staff professional development. This would include quarterly lunches with staff personnel that directly support attorneys.

Expenses for other family members including spouse will not be reimbursed.

Political activities are not allowed as an expense.

<u>Technology & Tools</u>:   All property purchased with professional allowance funds belongs to the firm, and is to be used 100% for business purpose. Approved technology purchases cannot exceed 30% of the total value of the current promotional allocation for the year. Funds carried over from one year to the next may not be used for technology purchases. Technology monies are intended to be for purchases of palm pilots, cell phones, pagers (and associated monthly bills), laptops, computer software, books and manuals. These items are also subject to special IRS rules. The value of any personal use of these items is considered additional income and must be reported to the firm.

Only new equipment may be purchased, and only under firm sponsored arrangements may a lease or other credit arrangements be used for financing. Replacement of equipment and/or software purchase under this policy is permitted, only when outstanding allowance payments have been satisfied, and only once per year. In addition, the old equipment must be purchased from the firm at it's fair market value as listed in Orion's Blue Book, or if unavailable, another commonly accepted computer price guide. The purchase price for software will be its un-depreciated value as reflected in M&G's accounting records.

As soon as it is known that an attorney will be leaving the firm the attorney's allowance will be charged for all outstanding allowance payments. Also, the equipment must be purchased from the firm at its fair market value. If the separation happens within 120 days of the purchase of the equipment/software, the attorney must reimburse the firm for the full purchase price including taxes. Under no circumstances is the firm obligated to buy or take back any

|  |  |
|---|---|
|  | equipment or software under this policy. By purchasing equipment with professional allowance funds, the attorney agrees to the terms of this policy including the deduction of amounts owed from his or her paycheck as necessary. |
|  | For further details, contact the Technology Services Director at 612-336-4762. |
| Administration: | This Policy will be administered by the firm's Accounting Department. |
|  | **If you have any questions regarding the above contact Tracey Skjeveland (612) 371-5211, or Matt Daigle, (612) 336-4790.** |
|  | **By signing this policy, I hereby acknowledge I have received a copy and agree to abide by Merchant & Gould's professional allowance policy.** |

_____          _____
**Signature**                                                                        **Date**

_____
**Name**