The Honorable James P. Donohue

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID L. GARRISON, an individual,

        Plaintiff,

v.

MERCHANT & GOULD, P.C., a Minnesota professional corporation, and

        Defendant.

Case No.: C 09-1728 JPD

PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS

**NOTED FOR CONSIDERATION:
April 8, 2011**

Plaintiff David L. Garrison (Garrison) petitions the court for relief as follows:

## I.    RELIEF REQUESTED.

Plaintiff seeks an award of attorneys' fees in the amount of $41,743.50 plus costs in the amount of $3,244.74 as a prevailing party under RCW 49.48.030.

## II.    KEY FACTS.

**A.    Basis for Garrison's Attorney Fee Claim.**

On March 10, 2011, this court entered a ruling on the parties' cross motions for summary judgment. *See* Docket 39. In the order, the court granted plaintiff's claim for reasonable attorneys' fees and costs under RCW 49.48.030. *Id.*, pp. 17-18.

**B.    Procedural History of the Case.**

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 1
Case No.: CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

1    Garrison was terminated from his position "of counsel" with defendant Merchant &
2 Gould ("Merchant") on October 30, 2008.  Within days, Garrison hired Badgley Mullins Law
3 Group ("BMLG") as his counsel.  BMLG began corresponding with Merchant's counsel,
4 Leonard, Street and Deinard ("LSD") regarding issues relating to Garrison's claims against
5 Merchant and to affect an orderly transition of his practice. Negotiations continued for more than
6 one year without any change in Merchant's position.

7    On November 5, 2008, Garrison commenced this action by serving Merchant with a
8 summons and complaint, without filing in King County Superior Court, as permitted by state
9 law.  *See* CR 3 (civil action commenced by either serving or filing summons and complaint).
10 Over the next year, the parties continued to explore resolution of the case, including a mediation
11 before the Hon. Steven Scott in April of 2009.  It became evident during that time that Merchant
12 intended to withhold compensation that Garrison claimed was due to him.

13    One year after the unfiled Complaint has been served, *i.e*., on November 5, 2009, the
14 state action was filed with an amended Complaint that included the wage claim, and Merchant
15 removed to federal court on December 3, 2009.   On December 7, 2009, Merchant filed its
16 Answer and formally stated its denial of Garrison's wage claim.

17    In mid-January of 2010, the parties exchanged initial disclosures and commenced
18 discovery.  In June of 2010, Garrison propounded discovery to Merchant that sought, in large
19 measure, evidence related to Garrison's claim for unpaid compensation.  On June 14, 2010, LSD
20 propounded interrogatories and requests for production to BMLG.

21    In early July, the parties negotiated and drafted a stipulated protective order, which was
22 entered on July 26, 2010 (Docket # 24).  On July 23, 2010, Merchant provided responses to
23 Garrison's discovery requests, which included 595 pages of documentation.  On July 27,
24 Garrison provided responses to Merchant's discovery requests, which included 403 pages of
25 documents.

26

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 2
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

Garrison was deposed on August 19, 2010.

On January 6, 2011, the parties filed cross-motions for summary judgment which resulted in judgment in favor of Garrison on his claim related to unpaid compensation.

**C.  Garrison's Successful Claim Arises Out of the Same Body of Facts as Claims Dismissed or Denied.**

Garrison's November 2008 unfiled Complaint set forth the facts relating to Garrison's employment with Merchant and termination, and denominated causes of action for Breach of Contract, Consumer Protection Act, Interference with Business Advantage, and Negligent Representation.  The November 2009 amended Complaint in its Paragraph 7 quoted at length the very paragraph upon which this Court's judgment was based, i.e.:

> 7.  Moreover, the Arrangement described Mr. Garrison's compensation as follows:
>
> [Y]ou shall be compensated based upon actual billed hours by you. . . . Actual billed hours means hours recorded by you and billed to Merchant & Gould's clients and actually invoiced to clients. . . . To determine your compensation, the total hours actually billed by you for Merchant & Gould will be multiplied by an hourly rate equivalent to 40% of the rate your hours were billed at. . . While employed by Merchant & Gould, you will receive a compensation draw, payable in bi-monthly installments, equal to 50 hours per pay period. Merchant & Gould will adjust the draw at the end of each calendar quarter based on the actual hours billed during the previous quarter.  At the end of each calendar quarter, a reconciliation of hours billed vs. draws paid will take place and any difference will be adjusted for the first draw check of the subsequent quarter. . . . Should either party terminate this arrangement, you will be compensated for any hours billed to clients subsequent to your termination.

Paragraph 20 of the amended Complaint specifically cites Merchant's failure to pay Garrison under the terms of this contractual obligation.

Garrison's discovery requests contained questions and production demands targeting the issue of unpaid compensation, e.g.:

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 3
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

**INTERROGATORY NO. 1:** Do you concede there is any amount owing to David Garrison as a result of his employment with Merchant and Gould? If so, please state the amount and the basis for the amount owing.

**INTERROGATORY NO. 5:** Do you contend that the employment relationship was governed by any agreement—written, oral or implied? If so,
(a) state all facts upon which you base this contention;
(b) state the name, address, and telephone number of each Person who has knowledge of those facts; and
(c) Identify all Documents that support your contention.

**INTERROGATORY NO. 6:** Was any part of the parties' employment relationship governed in whole or in part by any written rules, guidelines, policies, or procedures established by Merchant & Gould? If so, for each document containing the written rules, guidelines, policies or procedures:
(a) State the date and title of the Documents and a general description of its contents;
(b) State the manner in which the document was communicated to Mr. Garrison;
(c) State the manner, if any, in which Mr. Garrison acknowledged either receipt of the document or knowledge of its contents; and
(d) Identify each such document.

**INTERROGATORY NO. 12:** Was the Termination or any other Adverse Employment Action referred to in Interrogatory Nos. 9-10 based in whole or in part on Mr. Garrison's job performance? If so:
(a) Identify the Adverse Employment Action;
(b) Identify Mr. Garrison's specific job performance that played a role in the Adverse Employment Action;
(c) Identify the rules guidelines, policies, or procedures that were used to evaluate Mr. Garrison's specific job performance;
(d) Identify all persons who had responsibility for evaluating the specific job performance of Mr. Garrison; and
(e) Identify all warnings given with respect to Mr. Garrison's specific job performance.

**INTERROGATORY NO. 16:** State the total number of hours billed by Mr. Garrison for each month during his employment and for three months following his Termination.

**REQUEST FOR PRODUCTION NO. 11:** Please provide copies of all records of payment made to David Garrison.

Similarly, many of Garrison's response to Merchant discovery requests involved describing persons and documents relating to his wage claim. For example:

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE DETERMINATION - 4
Case No.: CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

**INTERROGATORY NO. 7**:  Describe in detail and itemize each separate item of damages which you seek to recover in this action.

**INTERROGATORY NO. 8**:  Describe in detail and with particularity the manner in which you calculate or otherwise arrive at each separate item of damages which you seek to recover in this action.

**INTERROGATORY NO. 9**:  Identify and describe in detail all facts that support your claim related to each separate item of damages which you seek to recover in this action.

**INTERROGATORY NO. 10**:  Identify the amount, in dollars, Defendants paid and/or otherwise compensated you and describe in detail the terms of any oral or written contract(s) between you and Defendants related to such payments and/or compensation.

**INTERROGATORY NO. 11**:  Describe in detail the terms of any written contract(s) and/or agreement(s) which form the basis for this litigation, and identify all documents that you contend comprise those contracts and/or agreement(s).

**INTERROGATORY NO. 17**:  Describe in detail each job you have held since your employment with Defendant ended.

Finally, as the Court knows from the summary judgment pleadings, the issues and arguments presented therein focus heavily on the unpaid wage issue and the remaining issues are factually intertwined.

**D. Facts Relating to Plaintiff's Attorneys.**

In this action, Garrison was represented by three BMLG attorneys:  Donald H. Mullins, Duncan C. Turner, and Allyssa J. Hale.

Mr. Mullins has been practicing law since 1967.  His practice areas include employment litigation, securities litigation, commercial litigation, and antitrust litigation, and others.  He is admitted to practice in the Washington (1973), Iowa (1967), the District of Columbia (1968), the Western and Eastern Districts of Washington, the Ninth Circuit (1998), and the U.S. Supreme Court.  Mr. Mullins' billing rate during the course of this litigation was $350.  Turner Decl. ¶ 3.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 5
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

Mr. Turner has been the Managing Partner of Badgley Mullins Law Group for six years. His practice is broad, and includes employment litigation (plaintiff and defense), intellectual property infringement, commercial litigation, probate litigation, and serious injury claims. Mr. Turner is licensed to practice in the states of Washington (1991) and Mississippi (1990); in the Western and Eastern Districts of Washington; in the Ninth (1991), Fifth (1990), and Federal Circuit (2008) Courts of Appeal; the U.S. Tax Court (2003); and the U.S. Court of International Trade. At the time of this litigation, Mr. Turner's billing rate was $385 for this matter. *See* Turner Decl, ¶ 2.

Ms. Hale is a 2006 graduate of the University of Oregon School of Law. She is admitted to practice in Washington. Her practice areas include employment litigation, intellectual property litigation, probate litigation, and commercial litigation. At the time of this litigation, her billing rate was $165. Turner Decl. ¶ 4.

At the outset of this litigation, BMLG had been engaged on an hourly basis. Starting in July of 2009, the engagement has been on a contingent basis.

**E. Computation of the Requested Fee Award.**

BMLG has calculated the attorney fee request in this case by starting with the entire lodestar amount for the case, which is $72,106.00. BMLG then reduced this amount be subtracting $30,362.50 in hourly fees that were attributable to unsuccessful claims, to pre-litigation activities, and to activity where BMLG attorneys and staff acted as intermediaries between Garrison and Merchant during Garrison's disengagement from the firm. *See* Turner Decl. ¶ 5, Ex. 1. The remaining fees for attorneys and legal assistants form the basis of the claim. The costs consist of electronic research, in house copying, copying for production to the defendant, mediation fees and deposition costs. *See* Turner Decl., Ex. 2.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 6
Case No.: CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

### III.     ISSUE PRESENTED.

Whether the Court should award Garrison $41,734.50 in attorneys' fees and $3,244.73 in costs as a prevailing party under RCW 49.48.030.

### IV.     EVIDENCE RELIED UPON.

Plaintiff relies on the accompanying Declaration of Duncan C. Turner and exhibits thereto.

### V.     ARGUMENT AND AUTHORITIES.

**A. Wage Statutes are to be Liberally Construed.**

The plaintiff is mindful that his fee request is in excess of his total recovery. This is entirely appropriate and is not a bar to his obtaining full compensation.

> By providing for costs and attorney fees, the Legislature has provided an effective mechanism for recovery even where wage amounts wrongfully withheld may be small. *See Brandt v. Impero,* 1 Wash.App. 678, 682, 463 P.2d 197 (1969). This comprehensive legislative system with respect to wages indicates a strong legislative intent to assure payment to employees of wages they have earned.
>
> * * *
>
> The statute must be liberally construed to advance the Legislature's intent to protect employee wages and assure payment.

*Schilling v. Radio Holdings, Inc.*, 136 Wash.2d 152, 961 P.2d 371, 374-75 (1998). As Washington courts have noted:

> Wage amounts wrongfully withheld may be small. The provision for attorneys' fees was undoubtedly intended to prevent the wrongful withholding of wages and to provide a remedy thought adequate for that purpose.

*Brandt v. Imperio*, 1 Wash.App. 678, 463 P.2d 197, 199 (1969).

**C. Plaintiff's Attorneys' Fees Claim is Reasonable.**

Federal law recognizes that the reasonable rate is that used by lawyers in the same community with comparable skills and reputations. *Blum v. Stenson,* 465 U.S. 886, 895, 104

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 7
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Gates v. Deukmeijian,* 987 F.2d 1392, 1404-1405 (9th Cir. 1992).

Federal courts are consistent with state courts in recognizing the need to liberally construe remedial statutes so as to adequately compensate counsel for undertaking meritorious claims where the fee award may reasonably exceed the damage award. For example, in *City of Riverside v. Rivera,* 477 US 561, 575, 106 S. Ct. 2686, 91 L. Ed. 2fd 466 (1986), the Supreme Court upheld a fee of some $250,000 where plaintiff recovered some $33,000 in damages, noting the point of §1988 is to induce lawyers to take on civil rights cases by "compensate[ing] lawyers for *all time reasonably expended* on a case." *Riverside,* 477 U.S. at 578 (footnote omitted) (emphasis added).

*Riverside,* 477 U.S. at 576, 578 (cited in *McCown*, 550 F.3d at 924) rejected a rule of proportionality that would make the fee have to match the result. And in *Morales,* the Court cited several cases stating a trial court should not reduce a lodestar amount requested based on the amount of damages recovered. *Morales,* 96 F.3d at n. 11, *citing Quesada v. Thomason,* 850 F.2d 537, 539 (9th Cir. 1988). As a result, there is no argument the fees sought are improper simply because they are larger than the verdict itself.

Federal courts generally use the "lodestar" method for establishing an attorney fee award. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Court first determines a lodestar figure by multiplying hours reasonably spent times a reasonable hourly rate. *Id.* This lodestar figure is presumptively correct, but may be adjusted based on several other factors if they are not included in setting the reasonable rate or reasonable hours. *Ballen v. City of Redmond,* 466 F.3d 736, 746 (9th Cir. 2006); *see also, Christensen v.*

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 8
Case No.: CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

*Stevedoring Serv.*, 557 F.3d 1049, 1054 (2009); *Morales v. City of San Rafael,* 96 F.3d 359, 363 (1996) (court may adjust lodestar for factors not used in setting hours or rates).

The reasonable rate is that used by lawyers in the same community with comparable skills and reputations. *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Gates v. Deukmeijian,* 987 F.2d 1392, 1404-1405 (9th Cir. 1992). The plaintiff cannot get fees for unsuccessful *unrelated* claims, but may get fees for unsuccessful *related claims* involving a common core of facts or are based on related legal theories. *Id., Hensley,* 461 U.S. at 435. Where there are related claims, a plaintiff winning substantially on one of them "should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley*, 461 U.S. at 440.

In *Moreno v. City of Sacramento,* 534 F.3d 1106, 1112 (9th Cir. 2008), the Court noted that contingent fee attorneys have financial disincentives to waste time, and the Court should defer to the winning lawyer's professional judgment. When plaintiff's counsel substantially reduces the hours sought, as they have done here, the burden then shifts to defendants to show why particular hours are improper, and absent such a specific showing a trial court should "normally grant the award in full, or with no more than [a] haircut." *Id.* at 1116.

In the instant case, the attorneys' and legal assistants' rates were clearly reasonable. The lead attorneys on the case, Mullins and Turner, are experienced litigators whose hourly rates are lower than those of comparable attorneys with comparable skills, experience and practice. Much of the work was appropriately delegated to their associate, Allyssa Hale, who is quite competent for the length of time she has practiced, or to legal assistants.

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 9
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington 98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

The amount of time claimed (after a significant reduction) is reasonable in light of the nature of the case, the difficulties of the parties' relationship, and the defendants' consistent position that it owed Garrison nothing.  Turner Decl. ¶ 8.

## VI.   CONCLUSION.

The plaintiff's petition for fees and costs is reasonable and accurate, and should be approved.

DATED this 23rd day of March, 2011.

                                                      BADGLEY~MULLINS LAW GROUP PLLC

                                                      s/ Duncan C. Turner_____
                                                      Duncan C. Turner, WSBA #20597
                                                      Badgley~Mullins Law Group PLLC
                                                      701 Fifth Avenue, Suite 4750
                                                      Seattle, WA 98104
                                                      Phone: 206-621-6566
                                                      Fax: 206-621-9686
                                                      Email: donmullins@badgleymullins.com
                                                      **Attorney for Plaintiff**

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE DETERMINATION - 10
Case No.:  CV 09-1728 JPD

BADGLEY ~ MULLINS
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686

# CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Amy H. Pannoni
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101
Phone:  206-622-3150
Fax: 206-757-7700
Email:  amypannoni@dwt.com
**Attorney for Defendant**

Richard W. Pins
Jonathon T. Naples
Leonard, Street and Deinard
150 South Fifth Street, Suite. 2300
Minneapolis, MN 55402
Phone: 612-335-1500
Fax: 612-335-1657
richard.pins@leonard.com
jonathon.naples@leonard.com
**Attorney for Defendant**

                                  s/ Duncan C. Turner_____
Duncan C. Turner, WSBA #20597
Badgley~Mullins Law Group PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104
Phone: 206-621-6566
Fax: 206-621-9686
Email: donmullins@badgleymullins.com
**Attorney for Plaintiff**

PLAINTIFF'S MOTION FOR ATTORNEYS' FEE
DETERMINATION - 11
Case No.:  CV 09-1728 JPD

**BADGLEY ~ MULLINS**
LAW GROUP PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington  98104
Telephone: (206) 621-6566
Fax: (206) 621-9686