The Honorable James P. Donohue

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| David L. Garrison,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Merchant & Gould, P.C., a Minnesota professional corporation,<br><br>　　　　　　Defendant. | No. CV09-1728-JPD<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS** |

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 1
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

## I. INTRODUCTION AND RELIEF REQUESTED

In its March 10, 2011, Order, this Court entered summary judgment in favor of Defendant Merchant & Gould, P.C. ("Merchant") on all but one of Plaintiff David L. Garrison's ("Garrison") claims. For that one claim, Garrison now seeks an attorneys' fees award that represents over one-half of the total legal fees expended on his entire case, and is nearly three times the amount of the judgment actually awarded. As detailed below, Garrison's proposed award is both unsupported and unreasonable, and the Court should deny it in favor of a lesser amount.

## II. UNDISPUTED FACTS

A.  The Parties and Garrison's Suit.

On July 31, 2007, Merchant, a law firm specializing in the practice of intellectual property law, hired Garrison, an attorney, to work in an "of-counsel" position in its Seattle office. During his tenure at Merchant, Garrison was compensated pursuant to the parties' employment agreement (the "contract"). Merchant terminated Garrison's employment on October 30, 2008, for performance deficiencies.

Garrison commenced the instant action in King County Superior Court on November 5, 2009. Garrison alleged numerous claims against Merchant, including that it breached the parties' employment contract by (1) failing to provide him with "two weeks' notice" of the termination of their employment relationship, (2) failing to pay him under the terms of the contract, and (3) failing to reimburse him for promotional expenses; (4)

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 2
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

breached an alleged oral contract by failing to pay him a "year-end" bonus; (5) violated RCW Chapters 49.48 and 49.52 by not paying him wages allegedly owed after his termination; and (6) violated the Washington Consumer Protection Act, RCW Chapter 19.86. Merchant timely removed the action to this Court on the basis of diversity jurisdiction. The parties then engaged in exhaustive discovery, covering all of the claims asserted by Garrison. *See, e.g.*, Garrison Decl. [Dkt. No. 30]; Turner Decl. [Dkt. No. 31]; Naples Aff. [Dkt. No. 28]; Skjeveland Aff. [Dkt. No. 27]. On January 6, 2011, the parties filed cross-motions for summary judgment. Garrison later withdrew his claims against Merchant for breach of oral contract and violation of the Washington Consumer Protection Act, withdrawing the former as late as the hearing on the parties' cross motions. *See* Order [Dkt. No. 39] at n.5.

**B.     The Court's March 10, 2011, Order.**

On March 10, 2011, the Court granted summary judgment in favor of Merchant on Garrison's breach of contract claims for compensation for the two-week notice period and reimbursement of promotional expenses, and on Garrison's wage claims under RCW 49.48 and 49.52. *See id.* at 14-15, 17. With respect to Garrison's claim for failure to pay under the terms of the contract, the Court found that Garrison was entitled to $14,877.40 in additional compensation from Merchant and granted summary judgment on Garrison's behalf. *Id.* at 13. The Court further determined that Garrison may recover reasonable attorney's fees and costs on this claim pursuant to RCW 49.48.030. *Id.* at 18.

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 3
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 4
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

C.   **Garrison's Attorneys' Fees Petition.**

On March 23, 2011, Garrison petitioned the Court for attorneys' fees in the amount of $41,743.50, plus costs in the amount of $3,244.74 under RCW 49.48.030.  Garrison calculated the attorney fees request by reducing the total legal fees for the case, $72,106.00, by $30,362.50, an amount he alleges represents the hourly fees attributable to the unsuccessful claims and other pre-litigation activities.

### III.   ISSUE PRESENTED

Whether Garrison's request for $41,734.50 in attorneys' fees is reasonable under RCW 49.48.030.

### IV.   ARGUMENT AND AUTHORITIES

A.   **Attorneys' Fees in Actions on Wages.**

Under Washington law, "[i]n any action in which any person is successful in recovering judgment for wages or salary owed to him or her, reasonable attorney's fees, in an amount to be determined by the court, shall be assessed against said employer or former employer."  RCW 49.48.030.  Whether the amount of requested attorneys' fees is reasonable is a question of fact for the Court to consider.  *See Sing v. Scott*, *Inc.*, 83 Wn. App. 55, 72 (1996).  The Court must "take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought." *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wn. App. 229, 282 (2009) (citing *Nordstrom, Inc.*

DEFENDANT'S MEMORANDUM
OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR
DETERMINATION OF AWARD OF
ATTORNEYS' FEES AND COSTS- 5
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

*v. Tampourlos*, 107 Wn.2d 735, 744 (1987)) (emphasis in original).  The Court must "not simply accept unquestioningly fee affidavits from counsel."  *Id.*

Under Washington law, attorney fees are determined pursuant to the "lodestar" methodology.  *Herring v. Dep't of Soc. & Health Servs.*, 81 Wn. App. 1, 33-34 (1996).  The Court must first determine the number of hours that were reasonably expended by the attorneys.  *Id.*  "In calculating this figure, the court must discount any duplicated or wasted effort by the attorneys," **including hours spent on "unsuccessful theories or claims."**  *See Van Pham v. Seattle City Light*, 159 Wn.2d 527, 538 (2007); *Bowers v. Transamerica Title Ins.*, 100 Wn.2d 581, 599-600 (1983); *Deep Water Brewing*, 152 Wn. App. at 282.  Next, the Court must multiply the number of hours expended by a reasonable hourly compensation.  *Herring*, 81 Wn. App. at 33-34.  The Court may adjust the lodestar amount upward or downward based on additional factors, including the novelty and difficulty of the questions at issue, the amount in controversy and the results obtained.  *See Bowers*, 100 Wn.2d at 595-96.  The party seeking fees bears the burden of proving the reasonableness of the fees requested.  *See Mahler v. Szucs*, 135 Wn.2d 398, 433-34 (1998).

**B.   Garrison has Not Shown that His Attorneys' Fees Claim is Reasonable.**

Garrison's proposed attorneys' fees award is unreasonable for at least three reasons: (1) it does not adequately segregate between the hours spent on Garrison's one successful claim from those spent on his five unsuccessful claims; (2) it is based on untrue assertions about Merchant's litigation position, and; (3) it deviates substantially from the

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 6
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

amount of the judgment actually awarded on Garrison's wage claim.[1] Accordingly, the Court should reject Garrison's petition in favor of a lesser award.

### i. Garrison's Proposed Award Does Not Adequately Segregate the Hours Spent on His Successful and Unsuccessful Claims.

Throughout this litigation, Garrison has aggressively pursued numerous, meritless claims against Merchant. In preparation for summary judgment, both parties conducted discovery related to all of Garrison's claims and prepared extensive briefs and oral arguments on the same. At summary judgment, Merchant prevailed on five of the six substantive claims asserted by Garrison. Garrison now asks the Court to approve an attorneys' fees award for his wage claim in the amount of $41,734.50, over half of the total legal fees – $72,106.00 – spent on his case, and nearly three times the amount of the judgment actually awarded. The Court should deny Garrison's request as unreasonable because it includes fees related to his unsuccessful claims.

In the instant case, the Court only awarded fees on Garrison's claim for failure to pay under the terms of the contract. *See* Order at 18. "If attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues." *Mayer v. City of Seattle*, 102 Wn. App. 66, 79-80 (2000) (citation omitted). The party requesting fees must provide reasonable documentation of the work performed. *Bowers*, 100 Wn.2d

---

[1] Merchant does not challenge the reasonableness of Garrison's proposed costs or the hourly rate of compensation paid to his attorneys.

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 7
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

at 595-96.  In this case, Garrison has provided inadequate documentation and explanation for his proposed attorneys' fees award.

First, Garrison has made no attempt to demonstrate that he properly segregated the fees charged for his unsuccessful claims from the fees on his claim for failure to pay under the terms of the contract.  Garrison relies only on the bald statement that he reduced the total amount of legal fees expended in this case by $30,362.50, which he claims represents the amount of "hourly fees that were attributable to unsuccessful claims and to prelitigation activities."  Pl.'s Mot. at 6.  However, the evidence Garrison submits in support of his petition refutes this statement.   For instance, the bills Garrison relies on include fees for:

- perform research regarding contractual obligation and remedy for employer not providing two weeks notice when part of employment contract;

- discuss response and the main points to make at mediation including the bonus promise;

- spoke to client regarding promotional expenses;

- added document to motion per search in documents produced by M&G regarding promotional account;

- pulled discovery regarding bonus practices and discussed with D. Turner. Highlighted email regarding the same.

Turner Decl. Ex. 1 at 1, 3, 8.  Such fees explicitly relate to Garrison's failed claims and should not be included in the attorneys' fees award for his prevailing claim.

Second, in addition to fees that are facially unrelated to his prevailing claim, Garrison relies on fees that generically apply to *all of* the asserted claims.  Again, these

---

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 8
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

fees do not relate specifically to his claim for failure to pay under the terms of the contract. Rather, they represent the costs of general litigation tactics that were equally relevant to all of the claims previously at issue in this case. *See id.* at Ex. 1 at 1 (noting fees for "review of facts," "prepare summons and complaint for service," "review of file and preparation for meeting with Merchant and Gould counsel," etc.).

Garrison's failure to segregate the costs of his one successful claim from his five unsuccessful claims distorts the true value of the attorneys' fees at issue. In short, there is insufficient evidence for the Court to determine a reasonable attorneys' fees award on Garrison's sole prevailing claim. The Court should deny or reduce the amount sought by Garrison on this basis alone. *See Van Pham*, 159 Wn.2d at 540 (affirming district court's decision not to award attorneys' fees for hours that were insufficiently related to the successful claim).

In addition, common sense indicates that Garrison seeks an inflated award. As previously noted, the award sought by Garrison represents more than one-half of the total amount of attorneys' fees he claims were expended on his case. *See* Pl.s' Mot. at 6. Since Garrison pursued six claims against Merchant, but prevailed on only one, a reasonable award should represent only one-sixth, or $12,017, of the total cost of litigation. Garrison submits no evidence showing that he spent a disproportionate amount of the total legal fees on the claim for failure to pay under the terms of the contract. The Court has expressly stated that Garrison's award of attorneys' fees is based on his failure to pay under the terms

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 9
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

of the contract claim alone. *See* Order at 18. The Court should not allow Garrison and its counsel to disregard the clear terms of its Order.

### ii. The Court Should Deny Garrison's Attempt to Increase the Award Based on his Claim that Merchant Stonewalled the Litigation Process.

In his brief, Garrison insinuates that the high attorneys' fees award he demands is warranted based on Merchant's allegedly obstinate position during litigation. *See* Pl.'s Mot. at 2 ("It became evident that . . . Merchant intended to withhold compensation that Garrison claimed was due to him;") & 10 ("The amount of time claimed . . . is reasonable in light of . . . the difficulties of the parties' relationship and the defendants' consistent position that it owed Garrison nothing."). Garrison offers no evidence for this argument, and it cannot serve as the basis for an increased award. During litigation, Merchant negotiated with Garrison in good faith and attempted to promptly resolve this matter. There is simply no support for Garrison's allegation that Merchant's actions improperly drove up the cost of the legal fees in this case. The Court should disregard this argument.

### iii. Garrison's Award is Unreasonable in Light of the $14,877.40 Judgment.

Lastly, Garrison's proposed attorneys' fees award is unreasonable because it is nearly three times the amount of the actual judgment awarded in this case. *See Mayer*, 102 Wn. App. at 83 (Although not conclusive, the "amount of the underlying judgment is

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 10
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota 55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

relevant in determining the reasonableness of a fee award."). Garrison supplies no reason why the Court should allow this disparity. Rather, the attorneys' fees award ought to more closely approximate the actual amount of the judgment in this case. Such a result is fair and just, especially since Merchant prevailed on the vast majority of the claims at issue in this litigation. In fact, as suggested above, the more appropriate fee award would be $12,017, which is one-sixth of the fee total, and much more in line with the amount recovered.

## V.   CONCLUSION

For the foregoing reasons, Merchant respectfully requests that the Court deny Garrison's request for $41,734.50 in attorneys' fees as unreasonable. A lesser amount, representing one-sixth of the total legal fees expended by Garrison's attorneys in this case, is a fair and appropriate award.

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 11
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

Dated: April 4, 2011.

_____
Richard W. Pins (MN ID #260149)
Jonathon T. Naples (MN ID #347310)
LEONARD, STREET AND DEINARD
   *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, MN  55402
Telephone:  612.335.1657
Fax:  612.335.1657
Email:  richard.pins@leonard.com
          jtn@leonard.com
*ADMITTED PRO HAC VICE*

and

Harry J. F. Korrell, WSBA #23173
Amy H. Pannoni, WSBA #31824
Davis Wright Tremaine, LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Phone:  (206) 622-3150
Fax:  (206) 757-7700
Email:  amypannoni@dwt.com

**ATTORNEYS FOR DEFENDANT**

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 12
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2011, I electronically filed with the Clerk of the Court using the CM/ECF system, and I have sent via electronic mail and U.S. mail the following documents:

1. **Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Determination of Award of Attorneys' Fees and Costs**

to counsel for Plaintiff:

Allyssa J. Hale
Duncan Turner
Badgley ~ Mullens Law Group, PLLC
Columbia Center
701 Fifth Avenue, Suite 4750
Seattle, Washington, 98104
Telephone: 206.621.6566
Facsimile: 206.621.9686
Email: ahale@badgleymullins.com
**Attorney for Plaintiff**

[NAME]

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DETERMINATION OF AWARD OF ATTORNEYS' FEES AND COSTS- 13
Case No. CV 09-1728JPD

7529357v1

LEONARD, STREET AND DEINARD
*Professional Association*
150 South Fifth Street
Suite 2500
Minneapolis, Minnesota  55402
Telephone: 612.335.1500
Facsimile: 612.335.1657